People v Faux (2024 NY Slip Op 01256)

People v Faux

2024 NY Slip Op 01256

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Ind. No. 1673/04 Appeal No. 1808 Case No. 2018-2416 

[*1]The People of the State of New York, Respondent,
v
Jahmal Faux, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Samuel Crane Claflin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Mitchell of counsel), for respondent.

Order, Supreme Court, New York County (Daniel Conviser, J.), entered on or about March 9, 2018, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court's discretionary upward departure to a risk level three adjudication, based on clear and convincing evidence establishing the existence of aggravating factors not adequately accounted for by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861-862 [2014]). The brazen nature of the offense, where defendant violently attacked and raped a stranger on a public street, indicated that defendant presented a high risk of reoffending and a great risk to public safety. Further, defendant inflicted physical injury to the "sexual intimate parts" of the victim's body, which, although not meeting the legal standard of serious physical injury (see Penal Law § 10.00[10]) that would warrant an override to a presumptive risk level three assessment, was a factor not accounted for by the risk assessment instrument. Finally, the risk assessment instrument did not account for defendant's robbery of a different female victim 10 minutes before his sexual attack. Because defendant had not been convicted of that crime at the time of the sex offense, risk factor 9 could not adequately account for it as part of defendant's criminal history, and defendant was not assessed any points under risk factor 10 for recency of prior crimes.
The mitigating factors cited by defendant, including his strong family support, were outweighed by the seriousness of the underlying sex crime.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024